UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

CHRISTOPHER BROOKS,

                Plaintiff,               **MEMORANDUM & ORDER**
                                                                 11-CV-6070 (MKB)
        v.

1ST PRECINCT POLICE DEPARTMENT,
JOSEPH L. MALDONADO, JOHN ANGUS,
GUIDO R. CIRENZA, BRIAN J. RALEIGH
and RONALD H. REITER,

                Defendants.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Christopher Brooks, proceeding *pro se*, commenced the above-captioned action on or about December 13, 2011 against Defendants 1st Precinct Police Department, Joseph L. Maldonado, John Angus, Guido R. Cirenza, Brian J. Raleigh and Ronald H. Reiter, alleging false arrest, malicious prosecution and excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. By order dated December 21, 2011, Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) was granted. (Docket Entry No. 5.) Plaintiff filed an Amended Complaint on April 13, 2012, with the same allegations but without identifying the date of the incident. (Docket Entry No. 22.) Plaintiff also requested *pro bono* counsel. (Docket Entry Nos. 64–67.) Defendants moved to dismiss the Amended Complaint for failure to state a claim. (Docket Entry No. 56.) For the reasons set forth below, Defendants' motion to dismiss is denied, Plaintiff is granted 30 days to file a second amended complaint, and Plaintiff's application for *pro bono* counsel is denied.

## I. Background

According to Plaintiff's Amended Complaint, on an unspecified date, Plaintiff was riding his bicycle when officers from the West Babylon 1st Precinct began "tasering" Plaintiff, and proceeded to punch and kick Plaintiff multiple times without apparent reason.[1] (Am. Compl. 4.) After Plaintiff was transported to Good Samaritan Hospital to have the taser hooks removed, he was taken to the precinct station where Defendants proceeded to beat him. (*Id.*) Defendants beat Plaintiff until he "signed a statement they created against" him, and then charged Plaintiff with resisting arrest and assault. (*Id.*) Plaintiff did not receive medical attention after this incident, and did not receive medical attention while he was in Riverhead Yaphank Correctional Facility. (*Id.*) Plaintiff seeks injunctive relief in the form of a protective order restraining Defendants from continuing to harass him and inflict personal injury against him. In a "Supplemental" Complaint filed on April 8, 2013, Plaintiff also alleges that Defendant Angus used racial epithets to refer to him, that he was denied proper medical attention at Good Samaritan Hospital and rushed to the 1st Precinct, that an arresting officer took photographs of Plaintiff on his personal cellular telephone and that Cirenza "created a statement [and] force[d him] to sign it or get the present treatment [he] just went through." (Docket Entry No. 37 at 2–3.) In the Supplemental Complaint Plaintiff seeks "$850.000" [sic] in damages. (*Id.*)

---

[1] Plaintiff's original Complaint appears to reference December 30, 2005 as the date of the incident at issue in this proceeding. (*See* Docket Entry No. 1 at 4 ("[I was b]eaten[] until I signed a statement they wrote against me & gave me two assault 2 charges to cover themselves for tasing me repeat[ed]ly & also beating me continuously, an[d] charged me with resisting arrest to back themselves[,] John Angus, Joseph L. Maldonado, other police officials, is from actual incident Dec 30, 2005.").) Plaintiff makes no reference to a date in his Amended Complaint.

## II. Discussion

### a. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "must take all of the factual allegations in the complaint as true." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)); *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678); *see also Pension Ben. Guar. Corp.*, 712 F.3d at 717–18. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but

it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Pension Ben. Guar. Corp.*, 712 F.3d at 718 (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, the court is required to dismiss *sua sponte* at any time an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

      **b.   Statute of Limitations**

Defendants assert that Plaintiff's claim is barred by the statute of limitations. (Defs. Mem. 3.) Defendants contend that in his original Complaint "Plaintiff avers that the subject incident occurred on December 30, 2005," although Plaintiff omitted all dates in the Amended Complaint. (*Id.*) Because the statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is three years and Plaintiff brought suit on December 8, 2011, Defendants argue that his claim should be dismissed as time-barred. (*Id.*) Plaintiff does not address Defendants' argument in his opposition to Defendants' motion to dismiss but instead restates the factual allegations of the Amended Complaint and makes other legal arguments. (Pl. Opp'n 1–4.) As discussed below, because Plaintiff's original Complaint was superseded by his Amended Complaint, which does not include a date for the incident at issue, the Court cannot conclude on the information before it that the incident described in the Amended Complaint is time-barred.

An Amended Complaint "ordinarily supersedes the original, and renders it of no legal effect." *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 23 (2d Cir. 2012) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 68 (2d Cir. 1998)); *see also*

*Sibersky v. Goldstein*, 155 F. App'x 10, 12 (2d Cir. 2005) (noting that "an amended complaint supersedes the original pleading" (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994))); *Pratt v. City of New York*, 929 F. Supp. 2d 314, 319 (S.D.N.Y. 2013) ("[T]he general rule is that an amended complaint supersedes an original complaint and renders it without legal effect." (citing *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) and *Harris v. City of N.Y.*, 186 F.3d 243, 249 (2d Cir. 1999))).

However, where allegations in an amended pleading "directly contradict" pleadings in the original complaint, courts have disregarded the amended pleading. *See Kilkenny v. Law Office of Cushner & Garvey, L.L.P.*, No. 08-CV-588, 2012 WL 1638326, at *5 (S.D.N.Y. May 8, 2012) ("There is authority supporting the notion that a court may disregard amended pleadings when they directly contradict facts that have been alleged in prior pleadings." (collecting cases)); *see also Dozier v. Deutsche Bank Trust Co. Americas*, No. 09-CV-9865, 2011 WL 4058100, at *2 (S.D.N.Y. Sept. 1, 2011) ("Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true." (alterations in original) (citing *Colliton v. Cravath, Swaine & Moore LLP*, No. 08-CV-400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d. Cir. 2009))); *Wallace v. New York City Dep't of Corr.*, No. 95-CV-4044, 1996 WL 586797, at *1–2 (E.D.N.Y. Oct. 9, 1996) (declining to credit an amended complaint which alleged a "policy" where the plaintiff previously alleged the act in question was an "aberration").

Where, however, an amended pleading is not in "direct" contradiction with the original pleading, courts apply the general rule recognizing that an amended pleading completely

replaces the original pleading. *See Bernadotte v. New York Hosp. Med. Ctr. of Queens*, No. 13-CV-965, 2014 WL 808013, at *6 (E.D.N.Y. Feb. 28, 2014) (finding that, "[t]aken as a whole, while not congruous, Plaintiff's allegations are not in such direct contradiction that the Court is moved to abandon the usual deference afforded to an Amended Complaint"); *see also Kilkenny*, 2012 WL 1638326, at *5 (S.D.N.Y. May 8, 2012) ("While courts are free to deny leave to amend a complaint if the proposed amended complaint attempts to omit certain previously-alleged facts without adequate explanation or in bad faith, once an amended pleading is filed, a court may not import information that was contained in the prior pleading but omitted from the amended pleading." (citing *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 32 (2d Cir. 2002), *overruled on other grounds by Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006)) (additional citations omitted)).

Here, Plaintiff filed an Amended Complaint which is substantially the same as his original Complaint, with the exception that the reference to the "December 30, 2005" date is not included in the Amended Complaint. Plaintiff's Amended Complaint omits a fact that was included in his original Complaint, but does not "directly contradict" any factual allegations made in the original Complaint. The Court therefore finds that the Amended Complaint replaces the original complaint and because Plaintiff does not include the date of the incident in his Amended Complaint, the Court cannot determine whether Plaintiff's action is time-barred.

c. **Plaintiff's Amended Complaint is defective**

Plaintiff's Amended Complaint fails to include the date on which Plaintiff was arrested and allegedly beaten by Defendants. Without a date on which the alleged incident took place, the Amended Complaint fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. The Amended Complaint contains

insufficient information from which Defendants can investigate and prepare a defense.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days leave to file a Second Amended Complaint with the date on which the incident took place. *See Shabazz*, 511 F. App'x at 31. If the arrest and alleged beating took place on December 30, 2005, Plaintiff's claim is time-barred by the three-year statute of limitations for § 1983 claims. Therefore, while Plaintiff is allowed to amend the Amended Complaint to add the date of the incident, if the date of the incident is December 30, 2005, the Court will *sua sponte* dismiss the action as time-barred, unless Plaintiff can show that he is entitled to equitable tolling.[2] In view of Plaintiff's failure to state a valid claim in his Amended Complaint, Plaintiff's request for *pro bono* counsel is denied. *See Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (motions for appointment of pro bono counsel considered "by asking first whether the claimant has met a threshold showing of some likelihood of merit" (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) and *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986))).

---

[2] Claims brought pursuant to section 1983 are subject to equitable tolling as determined by New York state law. *See Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) ("Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled . . . ." (citation and internal quotation marks omitted)). "[A] litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Covington v. New York City Police Dep't*, 471 F. App'x 28, 29 (2d Cir. 2012) ("[W]e have applied equitable tolling only in 'rare and exceptional circumstances, where we found that extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll'" (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005))). Equitable tolling is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Baroor v. New York City Dep't of Educ.*, 362 F. App'x 157, 159 (2d Cir. 2010) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)); *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007) ("Equitable tolling applies only in the rare and exceptional circumstance." (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000))).

**III. Conclusion**

Plaintiff is granted 30 days leave to file a Second Amended Complaint to include the date on which the incident took place. The amended complaint must be captioned as "Second Amended Complaint," and bear the same docket number as this order. If Plaintiff fails to file an amended complaint within 30 days, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/MKB
MARGO K. BRODIE
United States District Judge

Dated: May 9, 2014
      Brooklyn, New York